UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SARAH PALMQUIST, Individually and as Next Friend of E.P., a Minor, and GRANT PALMQUIST, <br><br> Plaintiffs, <br><br> v. <br><br> THE HAIN CELESTIAL GROUP, INC.; AND WHOLE FOODS MARKET, INC. <br><br> Defendants. | Civil Action No. 3:21-cv-90 |

## NOTICE OF REMOVAL

Defendant The Hain Celestial Group, Inc., by and through its counsel, hereby gives notice of the removal, pursuant to 28 U.S.C. §§ 1441 and 1446, of the above-captioned action from the 149th Judicial District Court of Brazoria County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division, on the grounds set forth below.

### I.     INTRODUCTION

1. On March 30, 2021, Sarah Palmquist, individually and as Next Friend of E.P., a minor, and Grant Palmquist ("Plaintiffs"), filed their First Amended Petition, Cause No. 111847-CV, against Defendants, The Hain Celestial Group, Inc. ("Hain") and Whole Foods Market Rocky Mountain/Southwest, L.P. ("Whole Foods"), in the 149th Judicial District Court of Brazoria County, Texas.  Plaintiffs alleged negligence against both Hain and Whole Foods, products liability against Hain, and breach of warranties against Whole Foods.

2. Hain was served by Plaintiffs through CT Corporation System in Dallas, Texas on March 16, 2021.  Upon information and belief, Whole Foods was served by Plaintiffs on March

12, 2021. Less than thirty (30) days have passed since Hain and Whole Foods were served. Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81 of the United States District Court for the Southern District of Texas, attached as Exhibit A is a copy of all process, pleadings, and orders served upon Hain, as well as the docket sheet, an index of matters being filed, and a list of all counsel of record.

4. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the properly joined parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. This Notice of Removal is being filed in the United States District Court for the Southern District of Texas, Galveston Division, the District Court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFFS AND THE PROPER DEFENDANT

6. Upon information and belief, and as alleged by Plaintiffs in their First Amended Petition, Sarah Palmquist was at all relevant times a citizen and resident of the State of Texas. *See* Plaintiffs' Pet. ¶ 8.

7. Upon information and belief, and as alleged by Plaintiffs in their First Amended Petition, Grant Palmquist was at all relevant times a citizen and resident of the State of Texas. *See* Plaintiffs' Pet. ¶ 9.

8. Defendant The Hain Celestial Group, Inc., is and was at the time of the institution of this case, a Delaware corporation with its principal place of business in Lake Success, New York.

9. Plaintiffs' First Amended Petition purports to state claims against Whole Foods Market Rocky Mountain/Southwest, L.P. Plaintiffs alleged that Whole Foods is organized under the laws of the State of Texas and has its principal place of business in Austin, Texas. Even if Plaintiffs' allegations regarding Whole Food's state of incorporation and principle place of business are accurate, because Whole Foods has been improperly joined to this action, its citizenship does not destroy this Court's diversity jurisdiction.

10. Because Whole Foods as been improperly joined, its consent to this removal is not necessary. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (holding that "[i]n cases involving alleged improper or fraudulent joinder of parties," the general rule requiring consent does not apply); *see also Kolacny v. Vanguard Grp., Inc.*, 2009 WL 10694186, at *2 (S.D. Tex. July 22, 2009) ("[C]onsent is not required from defendants whose joinder is alleged to be improper or fraudulent.").

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

11. The amount in controversy requirement is clearly satisfied in this case.

12. "Plaintiffs seek damages in excess of $1,000,000.00." *See* Plaintiffs' Pet. ¶ 67. Accordingly, the amount in controversy exceeds $75,000.00 and satisfies the requirement of 28 U.S.C. § 1332(a).

### IV. WHOLE FOODS HAS BEEN IMPROPERLY JOINED BECAUSE PLAINTIFFS CANNOT ESTABLISH A CAUSE OF ACTION AGAINST IT, BASED ON THE FIRST AMENDED PETITION AT THE TIME OF REMOVAL

13. In the Fifth Circuit, under the improper joinder doctrine, a party may not defeat federal jurisdiction by naming as a defendant an improperly joined non-diverse entity or individual. *Wolf v. Deutsche Bank Nat'l Trust Co.*, 745 Fed. Appx. 205, 206 (2018); *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). A plaintiff has improperly joined

a defendant where a plaintiff cannot "establish a cause of action against the non-diverse party in state court." *Id.; Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Under this standard, the removing defendant need only demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Cuevas*, 648 F.3d at 249 (quoting *Smallwood*, 385 F.3d at 573).

14. Based on the allegations set forth in the First Amended Petition, Plaintiffs do not have a right to relief against Whole Foods.

15. Therefore, Whole Foods's citizenship should be disregarded for purposes of determining diversity jurisdiction.

16. Plaintiffs have alleged against Whole Foods causes of action for negligence and breach of implied warranties, claiming that Whole Foods failed to provide safe baby food products to Plaintiffs and failed to adequately warn Plaintiffs of the levels of heavy metals contained in those products. *See* Plaintiffs' First Amended Petition at ¶¶ 43-46; 60-66.

17. Both of Plaintiffs causes of action against Whole Foods are governed by the Texas Product Liability Act ("TPLA"), and therefore, Whole Foods, as a non-manufacturing seller of baby food, is protected by the innocent seller exception. Tex. Civ. Prac. & Rem. Code §§ 82.001(2), 82.003(a).

18. The TPLA defines a product liability action as "[a]ny action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." § 82.001(2).

19. However, the TPLA limits liability against non-manufacturing sellers. Pursuant to § 82.003(a) of the TPLA, "a seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" one of seven narrow enumerated exceptions. § 82.003(a). Courts have interpreted § 82.003(a) as a "blanket protection for nonmanufacturing sellers of products from liability for injuries caused by a defective product." *Garcia v. LG Elecs. USA Inc.,* 2011 WL 2517141, at *2 (S.D. Tex. June 23, 2011); *Williams v. Avon Prods.*, 2019 LEXIS 198502, at *8 (S.D. Tex. 2019). And indeed, Texas courts routinely apply this exception "to protect innocent sellers from products liability suits unless they had significantly and intentionally participated in the design or production of the product." *Manchester Tank & Equip. Co. v. Engineered Controls Int'l, Inc.*, 311 S.W.3d 573, 575 (Tex. App. 2009); *Williams*, 2019 LEXIS 198502, at *8.

20. Whole Foods is unequivocally a non-manufacturing seller under the TPLA. § 82.001(3) ("'Seller' means a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof."); § 82.001(4) ("'Manufacturer' means a person who is a designer, formulator, constructor, rebuilder, fabricator, producer, compounder, processor, or assembler of any product or any component part thereof and who places the product or any component part thereof in the stream of commerce.").

21. Because Whole Foods is a non-manufacturing seller under the TPLA, Plaintiffs bear the burden of demonstrating that Whole Foods falls within one of the seven enumerated exceptions outlined in § 82.003(a). *Martinez v. Med. Depot, Inc.*, 434 F. Supp. 3d 537, 550 (S.D. Tex. 2020) (dismissing product liability claims against a non-manufacturing seller and explaining that "[a]bsent any evidence from Plaintiff that [Defendant] falls under any of the seven exceptions,

5

the Court finds Plaintiff fails to raise a genuine issue of material fact that could preclude summary judgment in favor of [Defendant]").

22. Plaintiffs have not alleged any facts to demonstrate that Whole Foods falls within any of the exceptions outlined in § 82.003(a):

    a. Plaintiffs have not alleged any facts demonstrating that Whole Foods "participated in the design of the product." § 82.003(a)(1).

    b. Plaintiffs have not alleged any facts demonstrating that Whole Foods "altered or modified the product" and that Plaintiffs' harm "resulted from that alteration or modification." § 82.003(a)(2).

    c. Plaintiffs have not alleged any facts demonstrating that Whole Foods "installed the product, or had the product installed, on another product," and that Plaintiffs' harm "resulted from the product's installation onto the assembled product." § 82.003(a)(3).

    d. Plaintiffs have not alleged any facts demonstrating that Whole Foods "exercised substantial control over the content of a warning or instruction that accompanied the product." § 82.003(a)(4).

    e. Plaintiffs have not alleged any facts demonstrating that Whole Foods made any "express" and "incorrect" "factual representations about an aspect of the product." § 82.003(a)(5). In their breach of warranties claim against Whole Foods, Plaintiffs allege that Whole Foods made and breached their "implied warranty" to Plaintiffs and other customers. *See* Plaintiffs' Pet. §§ 61, 63. Plaintiffs do not allege that Whole Foods made any *express* representations about the products at issue. Moreover, even if Plaintiffs had alleged that Whole Foods made and breached an express warranty, Plaintiffs have failed to allege that Whole Foods made any specific representations about a particular aspect of the product. Courts have routinely

held that generalized positive statements about a product are not actionable representations under § 82.003(a)(5). *Howard v. Lowe's Home Centers, LLC,* 306 F. Supp. 3d 951, 958 (W.D. Tex. 2018), *aff'd*, 765 F. App'x 76 (5th Cir. 2019); *Williams v. Avon Prods.*, 2019 LEXIS 198502, at *14 (S.D. Tex. 2019). And indeed, even general representations regarding a product's safety are insufficient. *Gill v. Michelin N. Am., Inc.*, 3 F. Supp. 3d 579, 585 (W.D. Tex. 2013) (finding representations that a truck was "a 'good truck' (i.e. that the product was safe)" insufficient under § 82.003(a)(5)); *Williams*, 2019 LEXIS 198502, at *14.

    f. Plaintiffs have not alleged any facts demonstrating that Whole Foods "actually knew of a defect to the product at the time [Whole Foods] supplied the product." § 82.003(a)(6). Texas law requires *actual* knowledge of the product defect. Courts have consistently held that "liability cannot be based on an allegation that a seller should have known of a defect in a product." *Mix v. Target Corp.*, 759 F. Supp. 2d 876, 881 (W.D. Tex. 2010) (quoting *Rubin v. Daimlerchrysler Corp.*, 2005 WL 1214605, at *6 (S.D. Tex. May 20, 2005)); *Ray v. FCA US, LLC*, No. 2:170C-86, 2017 U.S. Dist. LEXIS 111526, 2017 WL 3033425, at *4 (S.D. Tex. July 18, 2017); *Williams*, 2019 LEXIS 198502, at *10-13. Moreover, although Plaintiffs claimed that Hain and Whole Foods knew about the alleged "risks posed by the high levels" of heavy metals in baby food products, awareness of a potential injury or risk is insufficient to establish actual knowledge under Texas law. *See* Plaintiffs' Pet. ¶ 46. "[T]he defendant's actual knowledge must relate to the defect itself." *Evans v. Kawaski Motors Corp.*, USA, 2015 WL 4434073, at *4 (S.D. Tex. July 17, 2015) (quoting *Blythe v. Bumbo Int'l Trust*, 2013 WL 6190284, at *6 (S.D. Tex. Nov. 26, 2013)). And indeed, courts have held that "a nonmanufacturing seller's knowledge of a condition in or of a product without actual knowledge that the condition renders the product defective is insufficient to satisfy the Section 83.002(a)(6) exception." *Garcia v. Nissan Motor*

7

*Co.*, 2006 WL 869944, at *3 (S.D. Tex. Mar. 30, 2006); *Ray v. FCA US, LLC*, 2017 LEXIS 111526, at *4; *Williams*, 2019 LEXIS 198502, at *10-13. At bottom, Plaintiffs have failed to allege any facts demonstrating that Whole Foods had *actual* knowledge of the alleged product defects. *See Pizana v. Jerry's Auto Sales*, No. B-19-55, 2019 U.S. Dist. LEXIS 154969, 2019 WL 4280016, at *5-6 (S.D. Tex. July 23, 2019) (finding improper joinder when plaintiff failed to allege that an in-state seller had actual knowledge of the product defect).

      g.    Plaintiffs have not alleged any facts demonstrating that Hain, the manufacturer of the products at issue, is insolvent or otherwise not subject to the jurisdiction of the court. § 82.003(a)(7).

23.    Because Plaintiffs have not demonstrated that Whole Foods falls under any of the seven exceptions outlined in § 82.003(a), Whole Foods is protected by the innocent seller exception and Plaintiffs have no right to recover against Whole Foods.

24.    Plaintiffs have no claims against Whole Foods and have therefore included Whole Foods as a defendant in an attempt to defeat diversity jurisdiction and preclude the removal which Hain properly seeks.

## V.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

25.    As set forth above, Hain and Whole Foods were served in this case on March 16, 2021 and March 12, 2021, respectively. This Notice of Removal is filed within thirty (30) days of service upon Hain and Whole Foods and, therefore, removal is timely. *See* 28 U.S.C. § 1446(b).

26.    Whole Foods need not consent to removal, because Plaintiffs have improperly joined it in this action.

27.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

28. The United States District Court for the Southern District of Texas, Galveston Division, embraces the county in which the state court action is now pending and, therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. § 124(b).

29. Hain is filing written notice of this Removal with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d). Copies of the Notice of Filing of Notice of Removal, together with this Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

30. If any question arises as to the propriety of removal of this action, Hain requests the opportunity to present a brief and request oral argument in support of removal.

31. By filing this Notice of Removal, Hain does not waive any defenses or rights.

WHEREFORE, Hain respectfully requests that this Court assume jurisdiction of the above-described action now pending in the 149th Judicial District Court of Brazoria County, Texas, pursuant to 28 U.S.C. §§ 1332 and 1441.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

**BRIAN G. CANO**
State Bar No. 24045613
SDTX Bar No. 622595
**HUGH D. BAKER**
State Bar No. 24105452
SDTX Bar No. 3545473
2777 Allen Parkway
Suite 800
Houston, TX 77019
713-362-8300
713-362-8302 [Fax]
bcano@feesmith.com

hbaker@feesmith.com

**ATTORNEYS FOR DEFENDANT**
**THE HAIN CELESTIAL GROUP, INC.**

**CERTIFICATE OF SERVICE**

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served to all attorneys of record in this cause of action on the 9th day of April, 2021:

Kurt Arnold
Caj Boatright
Roland Christensen
Brittany Clark
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com
karnold@arnolditkin.com
cboatright@arnolditkin.com
rchristensen@arnolditkin.com
bclark@arnolditkin.com

Charles R. Parker
Constance H. Pfeiffer
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000 (P)
(713) 632-8002 (F)
cparker@yettercoleman.com
cpfeiffer@yettercoleman.com

**BRIAN G. CANO**