UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SARAH PALMQUIST, Individually and as Next Friend of E.P., a Minor, and GRANT PALMQUIST, <br><br> Plaintiffs, <br><br> v. <br><br> THE HAIN CELESTIAL GROUP, INC.; AND WHOLE FOODS MARKET, INC. <br><br> Defendants. | § § § § § § § § § § § § § <br><br> Civil Action No. 3:21-cv-90 |

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant The Hain Celestial Group, Inc. ("Hain"), by and through its undersigned counsel, hereby files its Answer and Defenses to Plaintiffs' Second Amended Complaint.

### I. NATURE OF ACTION

1. The report cited speaks for itself, and Hain denies any inaccurate characterization or interpretation of the report to which Plaintiffs refer in Paragraph 1 when read in context and in its entirety. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

2. Hain admits only that it sells organic baby food products nationwide under the "Earth's Best Organic" brand name. Hain denies the remaining allegations in Paragraph 2. Hain expressly denies Plaintiffs' allegation that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

3. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 3 and therefore denies the same. Hain expressly denies that it is liable for any alleged injuries or damages to Plaintiffs.

## II. JURISDICTION

4. Paragraph 4 purports to allege legal conclusions and thus does not require a response and on that basis Hain denies the allegations.

## III. PARTIES

5. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 5 and therefore denies the same.

6. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 6 and therefore denies the same.

7. Hain admits that it is a Delaware corporation with its principal place of business in New York. Hain also admits that it sells baby food products under the "Earth's Best Organic" brand name. Hain further admits that Earth's Best brand baby food is sold nationwide, including in the state of Texas. Hain admits that it has appeared in this case through counsel.

8. No answer is required from Hain because the allegations in Paragraph 8 are directed to Defendant Whole Foods Market Rocky Mountain/Southwest, L.P. ("Whole Foods"). To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 8 and therefore denies the same.

## IV. FACTS

9. Hain admits only that it provided the Food and Drug Administration ("FDA") with a presentation in August 2019. The materials cited speak for themselves, and Hain denies any inaccurate characterization or interpretation of the materials to which Plaintiffs refer in Paragraph 9 when read in context and in its entirety.

10. The materials referenced speak for themselves and Hain denies any inaccurate characterization or interpretation of the materials to which Plaintiffs refer in Paragraph 10 when

read in context and in its entirety. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

11. Hain admits only that it provided the United States House of Representatives Committee on Oversight and Reform's Subcommittee on Economic and Consumer Policy (the "Subcommittee") with certain documentation, including internal testing policies and results. Hain also admits that the Subcommittee issued a report. The report cited speaks for itself and Hain denies any inaccurate characterization or interpretation of the report to which Plaintiffs refer in Paragraph 11 when read in context and in its entirety.

12. Paragraph 12 is vague and ambiguous as to content and context and on that basis, Hain denies the allegations. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

13. The report cited speaks for itself and Hain denies any inaccurate characterizations or interpretations of the report to which Plaintiffs refer in Paragraph 13 when read in context and in their entirety. Hain admits only that certain baby food products sold contain extremely low levels of naturally occurring metals. Hain expressly denies that these miniscule levels of naturally occurring metals present a safety issue.

14. The report cited speaks for itself and Hain denies any inaccurate characterizations or interpretations of the report to which Plaintiffs refer in Paragraph 14 when read in context and in their entirety. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

15. Paragraph 15 is vague and ambiguous as to content and context and on that basis, Hain denies the allegations. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

16. The report cited speaks for itself and Hain denies any inaccurate characterizations or interpretations of the report to which Plaintiffs refer in Paragraph 16 when read in context and in their entirety. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

17. The report cited speaks for itself and Hain denies any inaccurate characterizations or interpretations of the report to which Plaintiffs refer in Paragraph 17 when read in context and in their entirety. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

18. The report upon which these allegations are based speaks for itself and Hain denies any inaccurate characterizations or interpretations of the report to which Plaintiffs refer in Paragraph 18 when read in context and in their entirety. Moreover, Paragraph 18 is vague and ambiguous as to content and context and on that basis, Hain denies the allegations. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

19. The report upon which these allegations are based speaks for itself and Hain denies any inaccurate characterizations or interpretations of the report to which Plaintiffs refer in Paragraph 19 when read in context and in their entirety. Moreover, Paragraph 19 is vague and ambiguous as to content and context and on that basis, Hain denies the allegations. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

20. The materials referenced speak for themselves and Hain denies any inaccurate characterizations or interpretations of the materials to which Plaintiffs refer in Paragraph 20 when

read in context and in their entirety. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

21. The materials referenced speak for themselves and Hain denies any inaccurate characterizations or interpretations of the materials to which Plaintiffs refer in Paragraph 21 when read in context and in their entirety. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

22. The materials referenced speak for themselves and Hain denies any inaccurate characterizations or interpretations of the materials to which Plaintiffs refer in Paragraph 22 when read in context and in their entirety. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

23. The materials referenced speak for themselves and Hain denies any inaccurate characterizations or interpretations of the materials to which Plaintiffs refer in Paragraph 23 when read in context and in their entirety. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

24. Hain admits that it distributes and sells its Earth's Best Organic brand baby food products throughout the country, including as relevant here at certain Whole Foods locations. The remaining retailers identified in Paragraph 24 have no relevance to the allegations in the Complaint, and on that basis Hain denies the remaining allegations in Paragraph 24.

25. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 25 and therefore denies the same.

26. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 26 and therefore denies the same.

27. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 27 and therefore denies the same.

28. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 28 and therefore denies the same.

29. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 29 and therefore denies the same.

30. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 30 and therefore denies the same.

31. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 31 and therefore denies the same.

32. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 32 and therefore denies the same.

33. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 33 and therefore denies the same.

34. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 34 and therefore denies the same.

35. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 35 and therefore denies the same.

36. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 36 and therefore denies the same.

37. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 37 and therefore denies the same.

38.     Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 38 and therefore denies the same.

39.     Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 39 and therefore denies the same. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue and that it is liable for any alleged injuries or damages to Plaintiffs.

### V.     CAUSES OF ACTION

#### A.     Negligence Against All Defendants

40.     Hain reincorporates and realleges its Responses to Paragraph 1-39 of Plaintiffs' Second Amended Complaint as if fully set forth herein.

41.     Paragraph 41 purports to allege legal conclusions that do not require a response and on that basis Hain denies the allegations. Hain denies the remaining factual allegations in Paragraph 41. Hain expressly denies that it was in anyway negligent and that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

42.     Paragraph 42 purports to allege legal conclusions that do not require a response and on that basis Hain denies the allegations. Moreover, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 42 relating to Plaintiffs' alleged injuries and therefore denies the same. Hain expressly denies that it was in anyway negligent and denies that Plaintiffs are entitled to any such relief.

43.     Paragraph 43 purports to allege legal conclusions that do not require a response and on that basis Hain denies the allegations. Hain further denies Plaintiffs' allegation that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

Moreover, Hain expressly denies that it was in anyway negligent and that Plaintiffs are entitled to any such relief.

### B. Products Liability Against Hain Celestial Group, Inc.

44. Hain reincorporates and realleges its Responses to Paragraphs 1-43 of Plaintiffs' Second Amended Complaint as if fully set forth herein.

45. Paragraph 45 purports to allege a legal conclusion that does not require a response. To the extent that an answer is required, Hain admits that Plaintiffs are persons generally.

46. Paragraph 46 purports to allege a legal conclusion that does not require a response. To the extent that an answer is required, Hain denies the allegations in this Paragraph. Hain expressly denies that it is liable for any alleged injuries or damages to Plaintiffs.

47. Paragraph 47 purports to allege legal conclusions that do not require a response. Moreover, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations concerning why Plaintiffs purchased certain baby food and therefore denies the same. Hain denies all remaining allegations and characterizations in this paragraph, including any suggestion, allegation, or insinuation that it sold with the intent to deceive any baby food products with dangerous levels of naturally occurring heavy metals. Hain further denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety food. Hain expressly denies that it is liable for any alleged injuries or damages to Plaintiffs.

48. Hain admits only that it designed, tested, manufactured, marketed, distributed, and sold Earth's Best baby food products. Hain denies the remaining allegations in Paragraph 48.

49. Paragraph 49 purports to allege legal conclusions that do not require a response. Hain admits only that it designed, tested, manufactured, marketed, distributed, and sold Earth's Best baby food products. Hain denies the remaining allegations in Paragraph 49. Hain expressly

denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

50. Paragraph 50 purports to allege legal conclusions that do not require a response. Hain expressly denies that it is liable for any alleged injuries or damages to Plaintiffs.

51. Paragraph 51 purports to allege legal conclusions that do not require a response. Hain admits only that it designed, manufactured, distributed, and sold Earth's Best baby food products. Hain denies the remaining allegations in Paragraph 51. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

52. Paragraph 52 purports to allege legal conclusions that do not require a response. Hain expressly denies that it is liable for any alleged injuries or damages to Plaintiffs.

53. Paragraph 53 purports to allege legal conclusions that do not require a response. Hain admits only that it designed, manufactured, distributed, and sold Earth's Best baby food products. Hain denies the remaining allegations in Paragraph 53. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

54. Paragraph 54 purports to allege legal conclusions that do not require a response. Hain expressly denies that it is liable for any alleged injuries or damages to Plaintiffs.

55. Paragraph 55 purports to allege legal conclusions that do not require a response. Moreover, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 55 relating to Plaintiffs' alleged injuries and therefore denies the same.

56. Hain denies the allegations in Paragraph 56, except that Hain admits only that Plaintiffs seek the relief set forth in Paragraph 56. Hain denies that Plaintiffs are entitled to any such relief.

### C. Breach of Warranties, Negligence, and Negligent Undertaking Against Whole Foods Market Rocky Mountain/Southwest, L.P.

57. Hain reincorporates and realleges its Responses to Paragraphs 1-56 of Plaintiffs' Second Amended Complaint as if fully set forth herein.

58. No answer from Hain is required to the allegations made in Paragraph 58 because they are directed to another Defendant, Whole Foods. To the extent that an answer is required, Hain denies the allegations in the paragraph.

59. No answer from Hain is required to the allegations made in Paragraph 59 because they are directed to another Defendant, Whole Foods. To the extent that an answer is required, Hain denies the allegations in the paragraph.

60. No answer from Hain is required to the allegations made in Paragraph 60 because they are directed to another Defendant, Whole Foods. To the extent that an answer is required, Hain denies the allegations in the paragraph.

61. No answer from Hain is required to the allegations made in Paragraph 61 because they are directed to another Defendant, Whole Foods. To the extent that an answer is required, Hain denies the allegations in the paragraph.

62. No answer from Hain is required to the allegations made in Paragraph 62 because they are directed to another Defendant, Whole Foods. To the extent that an answer is required, Hain denies the allegations in the paragraph.

63. No answer from Hain is required to the allegations made in Paragraph 63 because they are directed to another Defendant, Whole Foods. To the extent that an answer is required, Hain denies the allegations in the paragraph.

64. No answer from Hain is required to the allegations made in Paragraph 64 because they are directed to another Defendant, Whole Foods. To the extent that an answer is required, Hain denies the allegations in the paragraph.

65. No answer from Hain is required to the allegations made in Paragraph 65 because they are directed to another Defendant, Whole Foods. To the extent that an answer is required, Hain denies the allegations in the paragraph.

66. No answer from Hain is required to the allegations made in Paragraph 66 because they are directed to another Defendant, Whole Foods. To the extent that an answer is required, Hain denies the allegations in the paragraph.

67. No answer from Hain is required to the allegations made in Paragraph 67 because they are directed to another Defendant, Whole Foods. To the extent that an answer is required, Hain denies the allegations in the paragraph.

68. No answer from Hain is required to the allegations made in Paragraph 68 because they are directed to another Defendant, Whole Foods. To the extent that an answer is required, Hain denies the allegations in the paragraph.

## VI.   DAMAGES

69. Hain denies the allegations in Paragraph 69 except that Hain admits only that Plaintiffs seek the relief set forth in this paragraph. Moreover, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 69 relating to Plaintiffs' alleged injuries and therefore denies the same. Hain denies that Plaintiffs are entitled to any relief whatsoever.

70. Hain denies the allegations in Paragraph 70 except that Hain admits only that Plaintiffs seek the relief set forth in this paragraph. Moreover, Hain lacks knowledge or

information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 70 relating to Plaintiffs' alleged injuries and damages and therefore denies the same. Hain denies that Plaintiffs are entitled to any relief whatsoever.

### VII. JURY TRIAL DEMANDED

71. This paragraph does not assert any allegation requiring a response. To the extent a response is deemed necessary, Hain admits that Plaintiffs have requested a trial by jury and have stated that they have submitted the required jury fee.

### VIII. PRAYER

**72.** This section does not assert any allegation requiring a response. To the extent a response is deemed necessary, Hain admits that Plaintiffs served the Second Amended Complaint on Hain and that Plaintiffs seek the relief set forth in this section. Hain denies that Plaintiffs are entitled to any relief whatsoever.

### IX. GENERAL DENIAL AND DEFENSES

73. Discovery and investigation may reveal that any one or more of the following defenses should be available to Hain in this matter. Hain, therefore, asserts said defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Hain may withdraw any of these defenses as may be appropriate. Further, Hain reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Hain states the following:

**First Defense**

74. Each and every claim asserted or raised in the Second Amended Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## Second Defense

75.     The Second Amended Complaint fails to state a claim upon which relief can be granted.

## Third Defense

76.     If Plaintiffs have sustained injuries or losses as alleged in the Second Amended Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening or superseding cause or causes that were beyond the control of Hain and that, in the exercise of reasonable prudence, could not have been anticipated or foreseen by Hain.

## Fourth Defense

77.     If Plaintiffs have sustained injuries or losses as alleged in the Second Amended Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural course of conditions for which this Hain is not responsible.  Hain had no control over such factors, nor were such factors due to or caused by the fault, lack of care, negligence, or breach of any duty by Hain.

## Fifth Defense

78.     If Plaintiffs have sustained injuries or losses as alleged in the Second Amended Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Hain and over whom Hain had no control and for whom Hain may not be held accountable.

### Sixth Defense

79. The damages sustained by Plaintiffs, if any, were the result of an unavoidable accident insofar as Hain is concerned and occurred without any negligence, want of care, fault, or other breach of duty to Plaintiffs on the part of Hain.

### Seventh Defense

80. Plaintiffs' alleged injuries and damages, if any, were not proximately caused by any act or omission of Hain.

### Eighth Defense

81. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not rely on any act, omission, or representation made by Hain.

### Ninth Defense

82. To the extent that Plaintiffs assert claims based on Hain's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### Tenth Defense

83. To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused the injuries asserted in the Second Amended Complaint, such an award would, if granted, violate Hain's state and federal rights.

### Eleventh Defense

84. No act or omission of Hain was willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

**Twelfth Defense**

85. To the extent Plaintiffs assert a demand for punitive damages, Hain specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *BMW of No. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Exxon Shipping Co. v. Baker*, No. 07-219, 2008 U.S. LEXIS 5263 (U.S. June 25, 2008) and their progeny as well as other similar cases under both federal and state law.

**Thirteenth Defense**

86. With respect to each and every purported cause of action, the acts of Hain were at all times done in good faith and without malice.

**Fourteenth Defense**

87. Should Hain be held liable to Plaintiffs, which liability is specifically denied, Hain is entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasor for the same injuries alleged in the Second Amended Complaint.

**Fifteenth Defense**

88. Any recovery by Plaintiffs for medical or healthcare expenses should be limited to the amount actually paid or incurred. Specifically, Plaintiffs are not entitled to an award for damages for medical bills for which no obligation to pay exists and/or ever existed.

89. Inasmuch as the Second Amended Complaint does not describe the alleged underlying claims with sufficient particularity to enable Hain to determine all of its legal, contractual, and equitable rights, Hain reserves the right to amend and/or supplement the

averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

90. Hain will rely on all defenses that may become available during discovery or trial.

## X.  JURY DEMAND

91. Hain hereby demands a trial by jury on all issues so triable.

## XI.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant THE HAIN CELESTIAL GROUP, INC. prays that the Plaintiffs take nothing by this suit, that judgment be entered dismissing the Second Amended Complaint with prejudice and awarding Hain its reasonable costs and disbursements, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

DATED this 10th day of May 2021.

        Respectfully submitted,

        **FEE, SMITH, SHARP & VITULLO, L.L.P**

        _/s/ Brian G. Cano_

        **BRIAN G. CANO**
        State Bar No. 24045613
        SDTX Bar No. 622595
        **HUGH D. BAKER**
        State Bar No. 24105452
        SDTX Bar No. 3545473
        2777 Allen Parkway
        Suite 800
        Houston, TX 77019
        713-362-8300
        713-362-8302 [Fax]
        bcano@feesmith.com
        hbaker@feesmith.com

        **ATTORNEYS FOR DEFENDANT**
        **THE HAIN CELESTIAL GROUP, INC.**

## **CERTIFICATE OF SERVICE**

    THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served to all attorneys of record in this cause of action on the 10th day of May, 2021 via CM/ECF:

Kurt Arnold
Caj Boatright
Roland Christensen
Brittany Clark
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com
karnold@arnolditkin.com
cboatright@arnolditkin.com
rchristensen@arnolditkin.com
bclark@arnolditkin.com


Charles R. Parker
Constance H. Pfeiffer
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000 (P)
(713) 632-8002 (F)
cparker@yettercoleman.com
cpfeiffer@yettercoleman.com
***Attorneys for Plaintiffs***

Bradley E. Chambers
Kimberly A. Chojnacki
Kirsten D. Vesel
1301 McKinney Street, Ste. 3700
Houston, Texas 77010
(713) 650-9700
(713) 650-9701
bchambers@bakerdonelson.com
kchojnacki@bakerdonelson.com
kvesel@bakerdonelson.com

Samuel L. Felker (TN Bar No. 9045)
The Broadwest Center
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Tel: (615) 726-5558
Fax: (615) 744-5558
*samfelker@bakerdonelson.com*
*Pro hac pending*


John H. Hempfling II
Texas Bar No. 24029609
Whole Foods Market Central Office
550 Bowie Street
Austin, Texas 78703
Telephone: (512) 542-0213
Facsimile: (512) 482-7213
John.Hempfling@wholefoods.com
***Attorneys for Defendant,***
***Whole Foods Rocky***
***Mountain/Southwest LP***

_____
**BRIAN G. CANO**