UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SARAH PALMQUIST, *ET AL.*, | § § § | |
| *Plaintiffs*, | § | |
| VS. | § | CIVIL ACTION NO. 3:21-CV-90 |
| | § | |
| THE HAIN CELESTIAL GROUP, INC., *ET AL.*, | § § § | |
| | § | |
| *Defendants*. | § | |

# <u>ORDER</u>

Defendant Hain Celestial Group, Inc. removed this products-liability dispute to this court, contending that Whole Foods Market, Inc., a multinational supermarket chain headquartered in Austin, was improperly joined to defeat diversity jurisdiction. Plaintiffs Grant and Sarah Palmquist, individually and on behalf of their minor son, then moved to remand, countering that they have viable claims against Whole Foods under the Texas Products Liability Act.

Seeking to feed their son high-quality food during his developmental years, the Palmquists purchased Hain's "Earth's Best Organic" baby food, from the time of his birth until he was about three years old. *See* Dkt. 1-1 at 10–11. In 2019, an FDA-testing investigation revealed that Hain's products were tainted with high levels of toxic metals, including arsenic, lead, cadmium, and mercury. *Id.* at 5. Among other

1

effects, these toxic metals can lead to cognitive impairment, severe illness, and—in high doses—death. *See id*. at 7-8. Attributing the high levels of toxic metals found in their son to his consumption of Earth's Best Organic Products, the Palmquists sued both Hain and Whole Foods in state court to recover damages for his permanent neurological impairment. *See id*. at 11-12, 22. After Hain removed the case, the Palmquists moved to remand, insisting that Whole Foods is a properly joined in-state defendant.

As an initial matter, the Palmquists base their remand motion on the allegations in their second amended complaint, which includes new claims such as breach of express warranty and negligent undertaking. *See* Dkt. 6 at 23-26; Dkt. 8 at 14-19. But because jurisdiction "is resolved by looking at the complaint at the time petition for removal [was] filed," *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939)), the new claims cannot be considered.

But even if the court were to rely on the Palmquists' second amended complaint, there is still no reasonable basis to predict that they could recover from Whole Foods. Generally, retail sellers such as Whole Foods are not liable for the harm caused by the products they sell. *See* TEX. CIV. PRAC. & REM. CODE § 82.003(a). The Texas Products Liability Act lists just seven exceptions that may

render a non-manufacturing seller liable in a products-liability suit. *See id.* §§ 82.003(a)(1)-(7). The Palmquists rely on three of those exceptions, arguing that Whole Foods (1) participated in the product design, (2) made express factual representations about the product, which were inaccurate and on which they detrimentally relied, and (3) had actual knowledge of the defect that caused their son's injury. *See* Dkt. 8 at 11-19.

First, the Palmquists assert that both Hain and Whole Foods negligently "designed, produced, marketed, and distributed baby food products." Dkt. 6 at 17. Yet the Palmquists do not provide any facts to show that Whole Foods engaged in any of the design or manufacturing of Hain products. Mere conclusory statements to that effect do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009); *Smallwood v. Ill. Cent. R. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

Second, to demonstrate that Whole Foods made inaccurate representations about Hain's products, the Palmquists allege that "Hain and Whole Foods market the Earth's Best Organic baby food products as safe, natural, and organically produced." Dkt. 6 at 25. In support of this claim, the Palmquists point to representations made in Whole Foods' Mission Statement and website, such as:

- "Whole Foods' stated purpose is 'to nourish people and the planet.'" Dkt. 6 at 24.
- Whole Foods sells only the "highest quality" products that are vetted by "researching ingredients, reading labels, and auditing source

> practices." *Id.*
> - "[I]f it doesn't meet our standards, we don't sell it." *Id.*

Courts have consistently held that generalized positive statements about a product and general representations about its safety are insufficient under § 82.003(a)(5). *See, e.g., Howard v. Lowe's Home Centers, LLC*, 306 F. Supp. 3d 951, 958 (W.D. Tex. 2018), *aff'd*, 765 F. App'x 76 (5th Cir. 2019); *Gill v. Michelin N. Am., Inc.*, 3 F. Supp. 3d 579, 585 (W.D. Tex. 2013). The Palmquists fail to show how any of the above statements amount to anything more than generalized positive statements and general representations about safety. Indeed, the statements are neither specific to Hain as a company nor specific about any particular aspect of Hain's product. The Palmquists' allegation thus fails to trigger the § 82.003(a)(5) exception.

Third, and finally, the Palmquists argue that because Whole Foods allegedly made these representations, it "knew or had reason to know that consumers like [p]laintiffs would purchase the Hain products . . . ." Dkt. 6 at 24. Texas law, however, requires *actual* knowledge of the condition that renders the product defective. *See Garcia v. Nissan Motor Co.*, No. M-05-59, 2006 U.S. Dist. WL 86994, at *3 (S.D. Tex. Mar. 30, 2006); *Williams v. Avon Prods.*, No. 4:19-CV-02337, 2019 U.S. Dist. WL 6040073, at *3-5 (S.D. Tex. Oct. 24, 2019) (finding that the plaintiff's assertion that the defendants "knew or should have known" of the product defect failed to state a claim under § 82.003(a)(6)). The Palmquists likewise fail to provide

4

any facts showing that Whole Foods had actual knowledge of the defects in Hain's baby food, so the § 82.003(a)(6) exception does not apply either.

\* \* \*

In sum, the court finds that Whole Foods was improperly joined, as the Palmquists failed to state any plausible claims against Whole Foods under the Texas Products Liability Act. Accordingly, the Palmquists' motion to remand (Dkt. 8) is denied, their claims against Whole Foods are dismissed with prejudice, and Whole Foods' motion dismiss (Dkt. 10) is denied as moot.

Signed on Galveston Island on the 15th day of June, 2021.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE